**Alexandria**

TIMOTHY GERARD PEMBERTON, s/k/a

TIMOTHY GERALD PEMBERTON

v.

COMMONWEALTH OF VIRGINIA

No. 2243-92-4

Decided February 1, 1994

---

COUNSEL

Larry R. Morton, for appellant.

Janet F. Rosser, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

---

OPINION

**DUFF, S.J.\***—Appellant, Timothy Gerard Pemberton, was indicted for possession of cocaine with intent to distribute and was convicted of possession of cocaine. On appeal, he argues that insufficient evidence was presented by the Commonwealth to establish that he constructively possessed the cocaine. We agree and reverse the conviction.

Viewed in the light most favorable to the Commonwealth, the record reveals that on January 3, 1992, Prince William County police officers executed a search warrant on a single family residence. The officers knocked on the downstairs front door, and, ten to fifteen seconds later, someone opened it. The officers loudly and repeatedly announced, "Police. Search Warrant." Upon entry, Detective Buchanan went to the upstairs floor which contained a bedroom, living room and kitchen, where he observed appellant "standing next to a trash can in the kitchen area." Appellant was "facing the trash can and rubbing his hands up and down both his pockets" on the outside. Buchanan testified that no one else was "near or about the trash can" when he saw appellant, who was three inches away from it. The can was uncovered and stood three or four feet tall. According to Buchanan, after appellant rubbed his hands on his pockets, he moved "away from the trash can."

Buchanan stated:

---

*Judge Charles H. Duff was appointed Senior Judge effective July 1, 1993, pursuant to Code § 17-116.01:1.

[Appellant] had turned and was facing me. He was looking down. And as he turned away from the trash can and started to take a step, he looked at me.

Pemberton was taken to the living room and secured, and Buchanan went back to the kitchen area. Looking in the trash can, Buchanan observed two baggies in the trash. Buchanan alerted Detective Cecere, who came over to the can and saw "a baggie containing several individually packaged pieces of rock-like substance and also a plastic baggie containing green leafy material." Although the can was full of trash, Cecere testified that the baggie was on top of the trash, in plain view where it "stuck out." The baggie contained nineteen packets of cocaine, with a total weight of 5.30 grams, each packet containing "either fifty or hundred dollar rocks." The police unsuccessfully "attempted to lift some fingerprints off of the packaging."

Buchanan testified that other people were upstairs during the raid, and he was told that one person had run out of a sliding door in the kitchen onto a deck. Cecere, who initially looked through the downstairs area, subsequently went upstairs, where he recalled there being four or five suspects. According to Cecere, when he got upstairs the subjects were restrained in the following areas: one subject was in the living room (which adjoined the kitchen), one was in the bedroom, one was in the living room near the kitchen, one was on the rear deck, and one ran out to the rear deck and then ran back to the kitchen, near the stove.

A search of appellant yielded no contraband. When the officer saw him, he had no objects in his hands and he had made no movement toward the can. The evidence established that appellant was a visitor at the house and did not live there. No one else was charged with possessing the cocaine and no one was charged with possession of the marijuana. After being *Mirandized,* appellant told Cecere that when Buchanan saw him, he (Pemberton) "had his hands in his pocket and was standing in the kitchen near the trash can." He denied owning the drugs.

Appellant presented no evidence and timely moved to strike the evidence, asserting that insufficient evidence was presented to prove he possessed or had control over the cocaine. The trial judge denied the motion, finding that appellant constructively possessed the drugs, namely, he had "possession within reach of these substances." The judge stated:

I think having stood some three inches from the trash can and making the gestures that he made, the evidence is sufficient to show that he did in fact possess these goods.

Noting insufficient evidence of an intent to distribute, the trial judge found appellant guilty of the lesser charge of possession and not guilty of possession with intent to distribute. Appellant was fined $1,000 and sentenced to a term of five years, with four years and one month suspended.

■ "[P]ossession of a controlled substance may be actual or constructive. . . . 'To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."'" *McGee v. Commonwealth,* 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting *Drew v. Commonwealth,* 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). "While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs." *Brown v. Commonwealth,* 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (*en banc*).

Although the evidence shows that appellant was observed standing next to an open trash can which contained drugs, he was only seen rubbing his hands on his outer clothing. During the raid, at least one person fled through the kitchen area and exited through the sliding kitchen door onto an outside deck. A number of other people were on the premises, and appellant was a visitor at the house.

The record does not prove that appellant was familiar with drugs or that he was looking directly into the trash can. Officer Buchanan merely testified that appellant was "facing" the can, which, at three or four feet tall, would be about two feet away from the vision of appellant, who is six feet, one inch tall. The only evidence that appellant looked down was Buchanan's description of appellant *after* he turned away from the trash can.

■ Whenever "evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt." *Sutphin v. Commonwealth,* 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985) (citing *Massie v.*

*Commonwealth,* 140 Va. 557, 565, 125 S.E. 146, 148 (1924)). Where "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.' " *Garland v. Commonwealth,* 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting *Inge v. Commonwealth,* 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). Although "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs or paraphernalia [where they were found near an accused]," *Brown,* 15 Va. App. at 10, 421 S.E.2d at 883, all reasonable hypotheses of innocence must be excluded. Because a number of people were upstairs and obviously heard the repeated yells of the police as they entered downstairs to execute the search warrant, the evidence does not exclude the reasonable hypothesis that the unnamed person who fled through the kitchen and out the sliding kitchen door to the outside deck could have discarded the drugs in the trash can on his way through the kitchen.

██ Although appellant's presence near the trash can containing drugs and his gestures were highly suspicious, we cannot say that those gestures, which were not directed toward the trash can, were inconsistent with his innocence. "[S]uspicion, no matter how strong, is insufficient to sustain a criminal conviction." *Hairston v. Commonwealth,* 5 Va. App. 183, 187, 360 S.E.2d 893, 895 (1987) (citing *Stover v. Commonwealth,* 222 Va. 618, 624, 283 S.E.2d 194, 197 (1981)). The gestures by appellant were too attenuated to link his movement with the drugs in the trash can.

In summary, there was no evidence that appellant was familiar with illegal drugs. He was a visitor at the house, he made no motion toward the trash can, and other persons were observed scurrying about upstairs, one of whom fled through the kitchen. Taking all of the above facts into consideration, we find that the Commonwealth did not meet its "burden . . . to prove beyond a reasonable doubt that [appellant] was aware of the presence and character of the [cocaine] and was intentionally and consciously in physical or constructive possession of it." *Wright v. Commonwealth,* 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977). Most notably, we find that the Commonwealth failed to rule out the reasonable hypothesis that the unnamed person fleeing through the kitchen may have dropped the baggie(s) into the can on his way through the sliding door and onto the deck.

The constructive possession cases presented by the Commonwealth to support affirmance contain elements or factors not present here. *E.g., Eckhart v. Commonwealth*, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981) (defendant was *cotenant* of residence named on search warrant); *Womack v. Commonwealth*, 220 Va. 5, 6-7, 255 S.E.2d 351, 352 (1979) (defendant/visitor, in addition to being seen rapidly moving from room where a "massive amount of drugs and drug paraphernalia" was in plain view, was found in *actual, physical possession of two drug capsules* of the type found during the raid); *Brown v. Commonwealth*, 5 Va. App. 489, 491-92, 364 S.E.2d 773, 774 (1988) (officer saw defendant sitting on stool next to a bed, positioned between two other people who sat on each end of the bed; mirror with cocaine was on bed as was two pound bag of cocaine and other paraphernalia; defendant *admitted using cocaine before*, a factor the trial court found supportive of knowledge of the presence and character of the drug, despite defendant's assertion that he did not use the drugs on that day).

For the reasons stated, appellant's conviction is reversed and the charges are dismissed.

*Reversed and dismissed.*

Benton, J., and Elder, J., concurred.