COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Bray
Argued at Richmond, Virginia


KENNETH CHARLES CLEVELAND

v.          Record No. 1551-94-3      MEMORANDUM OPINION[*] BY
                                      JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                   FEBRUARY 13, 1996


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                      Mosby G. Perrow, III, Judge

            James Hingeley, Public Defender (Office of
            the Public Defender, on brief), for
            appellant.

            Robert H. Anderson, III, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


        On appeal from his convictions of possession of cocaine and

possession of a firearm while possessing cocaine, Kenneth Charles

Cleveland contends that the evidence is insufficient to support

his conviction of possession of cocaine and, thus, his conviction

for possession of a firearm while possessing cocaine.  We agree

and reverse the judgment of the trial court.

        On February 3, 1994, Lynchburg police officers executed a

search warrant at the home of Carroll Turner and Charles Snead.

When the police entered the house, they found Cleveland and Steve

Mavilia in the kitchen.  Neither man lived at the residence.

Both were standing with their backs to the police.  Cleveland

stood "maybe a little bit further than arm's length away from" a

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

bar area in the kitchen and Mavilia stood behind him.  The officers saw, in plain view, a beer can on the counter about four feet from Cleveland.  "[The can] was crimped in the center and it had holes poked into it," and smoke was rising from it.  Subsequent analysis showed residue on the can was cocaine.

The officers ordered Cleveland and Mavilia onto the floor.  As Cleveland got down on the floor, one of the officers saw him pull what appeared to be a weapon from his waistband and lie on it.  The officer seized the weapon, a 9 mm. handgun.

Vickie Matthews testified that Cleveland had accompanied her to Turner's house to recover money that she had previously lent to Susan Cash, who was then living with Turner.  Ms. Matthews testified that Cleveland left Turner's house to get change and had returned only a few minutes before the police executed the search warrant.

Cleveland testified that he had purchased the handgun several days earlier "for target practice and stuff."  He testified that he was armed at the time of his arrest because he had been "target practicing" earlier in the day.  He testified that the beer can was not on the counter when he first entered the house, but when he returned from the store, he saw it "smoking" on the countertop.  He denied that the beer can was his and that he had used it to inhale cocaine.

"Where the sufficiency of the evidence is challenged on appeal, the court must consider the evidence in the light most

favorable to the Commonwealth, giving to it all reasonable inferences fairly deducible therefrom."  Brown v. Commonwealth, 5 Va. App. 489, 491, 364 S.E.2d 773, 774 (1988).  The "judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Id. (citations omitted).

> To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'  While proximity to a controlled substance is insufficient alone to establish possession, it is a factor to consider when determining whether the accused constructively possessed drugs.

Pemberton v. Commonwealth, 17 Va. App. 651, 654, 440 S.E.2d 420, 422 (1994) (citations omitted).

Although the evidence proved that the residue on the beer can was cocaine and that Cleveland was in the room with the "smoking" can, it was insufficient to prove that Cleveland constructively possessed the can or the cocaine.  He asserted no "dominion and control" over the can.  No cocaine was found on his person.  Another person was essentially as close to the can as Cleveland.  No evidence proved that Cleveland was aware of the contents of the can or of its use.  Thus, the Commonwealth failed to carry its burden of proving beyond a reasonable doubt that Cleveland was aware of the "presence and character " of the cocaine, and that it was subject to his "dominion and control."

- 3 -

Id.

The judgment of the trial court is reversed and the charges are ordered dismissed.

Reversed and dismissed.