COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Elder
Argued at Richmond, Virginia


BRIAN KEITH STONE, A/K/A
 ANTONIO STONE
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0388-95-2     JUDGE SAM W. COLEMAN III
                                       MARCH 19, 1996
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                 Charles L. McCormick, III, Judge


            Aubrey J. Rosser, Jr. for appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Brian Keith Stone was convicted in a bench trial of

possession of cocaine with intent to distribute.  Stone contends

that the evidence is insufficient to prove that he constructively

possessed the contraband and that he intended to distribute it.

We find that the evidence is sufficient and affirm the

defendant's conviction.

     On April 2, 1994, Deputies Ray Link and Ernest Powell of the

Halifax County Sheriff's Office were patrolling a "high drug

area" near a convenience store in Cody.  Both deputies were in

uniform and riding in a marked police car that Deputy Powell was

driving.  As they entered the convenience store parking lot, they

observed two men run and jump into a Toyota pickup truck.  The

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

defendant was driving the truck, and according to the deputies, he spun the truck's tires and exited the parking lot at a high rate of speed. Almost immediately after leaving the parking lot, the defendant crossed over a double-solid line into the left lane in order to pass another vehicle.

After witnessing the truck exit the parking lot, the deputies pursued the truck at speeds of seventy-five to eighty miles per hour. During the pursuit, the deputies observed Tort Dickerson, who was sitting in the passenger seat, throw a brown paper bag from the passenger window. The bag was later recovered at the side of the road and determined to contain several rocks of crack cocaine.

The defendant pulled the truck to the side of the road less than a mile away from the store where the pursuit began. The deputies ordered the defendant and Dickerson out of the truck, placed them on the ground, and searched them for weapons. Deputy Powell testified that both the defendant and Dickerson were cooperative. During a search of the truck, the deputies found loose crack cocaine under the passenger seat, and recovered a smoking device from a leather jacket located between the passenger's seat and driver's seat.

The defendant testified that he was alone when he entered the convenience store parking lot and that he met Dickerson at the store and agreed to give Dickerson a ride home. They left the store once, but returned so Dickerson could buy beer. The

defendant stated that he saw the police car across the street from the store and that he waited in the truck while Dickerson entered the store to buy beer. He denied that either he or Dickerson ran to the truck, and he also denied spinning the truck's wheels and driving at a high rate of speed. The defendant claimed that he did not observe Dickerson throw anything from the passenger window.

When the Commonwealth's case is based on circumstantial evidence, "all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence." Reynolds v. Commonwealth, 9 Va. App. 430, 440, 388 S.E.2d 659, 665 (1990) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976)). On appeal, the evidence must be reviewed in the light most favorable to the Commonwealth and must be accorded all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The trial court's judgment will not be disturbed unless it "is plainly wrong or without evidence to support it." Id.

The Commonwealth must prove that the defendant knowingly exercised dominion and control over the drugs in order to sustain a conviction for possession. Harmon v. Commonwealth, 15 Va. App. 440, 447, 425 S.E.2d 77, 81 (1992).

> "Although proof that cocaine is found [in a
> vehicle being operated by the defendant] is

insufficient, standing alone, to prove
constructive possession, such evidence is
probative of possession and is a circumstance
which may be considered along with other
evidence.  While awareness is an essential
ingredient in the crime of possession of
narcotics, it may be proved by evidence of
acts, declarations or conduct of the accused
from which the inference may be fairly drawn
that he knew of the existence of the
narcotics in the place where they were
found."

Id. (quoting Wymer v. Commonwealth, 12 Va. App. 294, 300, 403 S.E.2d 702, 706 (1991)).  The defendant's conduct while operating an automobile where drugs are found may indicate that he knew about the drugs and exercised control over them.  See Brown v. Commonwealth, 15 Va. App. 1, 9-10, 421 S.E.2d 877, 882 (1992) (en banc); Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 87 (1989) (en banc).

The defendant cites Pemberton v. Commonwealth, 17 Va. App. 651, 440 S.E.2d 420 (1994), in support of his contention that the evidence is insufficient to sustain his conviction.  In Pemberton, this Court held that the evidence was insufficient to support Pemberton's conviction for possession of cocaine even though he was standing three inches from a trash can where drugs

- 4 -

were found.  The evidence showed that Pemberton "was `facing the trash can and rubbing his hands up and down both his pockets' on the outside."  Id. at 652, 440 S.E.2d at 421.  We held that the evidence failed to exclude every reasonable hypothesis of innocence because "[t]he gestures by appellant were too attenuated to link his movement with the drugs in the trash can." Id. at 655, 440 S.E.2d at 423.

The facts in the present case are distinguishable from those in Pemberton.  Here, both Deputy Link and Deputy Powell testified that as they pulled into the store parking lot, the defendant and Dickerson ran from the convenience store, which was located in an area known for drug distribution, to the truck.  The defendant exited the parking lot at a high rate of speed and the deputies pursued the truck at speeds of seventy-five to eighty miles per hour for almost one mile.  Deputy Powell testified that he activated the patrol car's emergency lights immediately after the defendant exited the parking lot, and although the defendant pulled over, he did so only after Dickerson had thrown the bag containing drugs out of the truck.

This evidence proves that the defendant and Dickerson sped away from the convenience store after deputies arrived at the scene and thereafter the defendant attempted to allude the deputies until Dickerson could dispose of or conceal the drugs. Cf. Castaneda, 7 Va. App. at 583, 376 S.E.2d at 87 (finding that the accused attempted to divert the police officer's attention

away from the backseat, where the drugs were hidden). Accordingly, the link between the defendant's actions and the drugs is not "too attenuated" to prove beyond a reasonable doubt that he had knowledge that the drugs were present and that he was exercising dominion and control of them. Pemberton, 17 Va. App. at 655, 440 S.E.2d at 423.

Although the defendant testified that he waited for Dickerson in the truck and did not speed away after leaving the parking lot, the trial court was entitled to accept the deputies' testimony and infer that the defendant's testimony was intended to conceal his guilt. See Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981). We find that the defendant's actions, viewed in the light most favorable to the Commonwealth, are sufficient to prove that he was aware of the drugs and exercised dominion and control over them.

The evidence is also sufficient to prove intent to distribute cocaine. Deputy Link, who qualified as an expert witness concerning narcotics, testified that the amount of cocaine recovered here totaled 4.5 grams and that this amount was consistent with sale as opposed to personal use. "Possession of a quantity greater than that ordinarily possessed for one's personal use may be sufficient to establish an intent to distribute it." Castaneda, 7 Va. App. at 584, 376 S.E.2d at 87.

For these reasons, we affirm the defendant's conviction.

Affirmed.