COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Elder and Senior Judge Cole
Argued at Richmond, Virginia


PATRICK HALL

MEMORANDUM OPINION[*] BY

v.   Record No. 0003-96-2      CHIEF JUDGE NORMAN K. MOON
                                      AUGUST 27, 1996

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
James F. D'Alton, Jr., Judge

Brad P. Butterworth (Butterworth & Waymack,
on brief), for appellant.

Kathleen B. Martin, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Patrick Hall appeals from his conviction of possession of cocaine with intent to distribute in violation of Virginia Code § 18.2-248. He argues that insufficient evidence was presented by the Commonwealth to establish that he constructively possessed cocaine. We agree and reverse the conviction.

On February 1, 1995, Detective Michael Whittington, Officer Michael Walls, Officer Kenneth Wontz, and other officers of the Hopewell Police Department executed a search warrant at 712 Crestline Boulevard in Hopewell. The residence at 712 Crestline is a one-story duplex that was leased to Lawrence Irving and had utilities in the name of Ernest Johns, Jr. The residence had been under surveillance for several weeks prior to the search on

---
[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

February 1, as a result of twenty-five to thirty citizen complaints that the residence was the center of suspected drug activity. Surveillance was conducted in three-to-four hour increments rather than twenty-four hours a day. Detective Whittington observed considerable vehicle and occasional foot and bicycle traffic during the course of his surveillance. On the night of the search, Detective Whittington observed several vehicles stop at the residence. One vehicle was stopped shortly after departing from the residence and its occupants were arrested for possession of crack cocaine.

At the time of the search, Detective Whittington and the accompanying officers were unaware of who was inside the residence. The officers approached from the rear of the duplex; no lights were on, and the dwelling was completely dark. Officer Walls testified that he could see a person's hand on the blinds as they passed underneath a window. The officers knocked and announced their presence, after fifteen to thirty seconds, no one responded and they made forcible entry. The persons in the house appeared to be surprised by the entry. The police found appellant seated alone in the kitchen directly adjacent to the window in which Officer Walls observed the hand. In addition to appellant, the officers found Michael McKoy lying on the floor in the living room and Peter McCrea standing in a back bedroom.

Appellant, McKoy, and McCrea were handcuffed and brought to the living room where they were informed of the purpose of the

search.  Officers discovered a torn plastic baggie with three loose pieces of cocaine and a razor blade on top of a water heater in a closet adjacent to the bedrooms.  The loose pieces were later determined to constitute 2.2 grams of cocaine.  The officers also discovered a plastic bag in the attic crawl space which held twenty-four small plastic bag corners containing solid material subsequently determined to be 25.6 grams of cocaine.  A triple beam scale was also found in the attic crawl space.  The attic crawl space was accessed by a panel opening in the ceiling located in a hallway between the den, bathroom, and two bedrooms.  The opening was not more than five feet from any of the rooms.  At the time of the search, the panel was down.

Upon concluding the search of the premises, the officers searched appellant, McKoy, and McCrea.  The police found $95.81 on appellant's person.  Detective Whittington also discovered a computer-calculator on a wooden stand in the living room near the television about ten feet from where appellant was sitting.  Whittington had previously seized the computer in another incident with appellant, and appellant acknowledged ownership of it.  Appellant's jacket was discovered hanging on the rear side of a bedroom door; a door which abutted the door of the closet where the water heater was located if both doors were open.  A letter addressed to appellant at 503 Cedar Level Road, Hopewell, was in the pocket of the jacket.

One thousand and ninety-five dollars in cash was found in

McKoy's right front pocket. McKoy testified that he had been "rolled over" while he was lying on the floor and the cash placed in his pocket. He also had a pager and $42 in his left pocket, which he stated was his own money. McCrea had a pager and $100.55 in cash on his person.

At the conclusion of the search appellant, McKoy, and McCrea were transported to the police station for further questioning. Appellant stated he did not know either McKoy or McCrea and explained that he had arrived at the duplex at about 9:30 p.m. to see Lawrence Irving, the lessee of the premises. He stated that it was his intention to stay overnight and that he had brought no drugs with him.

At trial appellant did not testify, but produced one witness, Roswell Stith, who testified appellant rented a room in her home at 503 Cedar Lane. She also testified that appellant was not employed but helped out around the house and assisted Stith and her husband in making and selling Christmas wreaths. McCrea and McKoy both testified that they did not know each other or appellant before arriving at the duplex. They further denied having any knowledge of drugs on the premises.

On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). In proving possession of a controlled substance, the Commonwealth

may prove either actual or constructive possession.  Pemberton v. Commonwealth, 17 Va. App. 651, 440 S.E.2d 420 (1994).  The record indicates that appellant did not have drugs or drug contraband on his person.  Nor were drugs or drug contraband found in appellant's immediate presence in the kitchen where he was seated.  Consequently, the Commonwealth must rely upon evidence that proved constructive possession.

"`To support a conviction based on constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citations omitted)).  Although proximity to a controlled substance "is a factor to consider when determining whether the accused constructively possessed drugs," it is "insufficient alone to establish possession."  Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc).

The record does not prove that appellant was connected with the specific drugs discovered.  Although Detective Whittington observed appellant at the residence on prior occasions, the letter found in appellant's jacket and Stith's testimony indicate appellant was not a resident of the duplex leased to Lawrence

- 5 -

Irving, but rather was a visitor.

There is no evidence that appellant was in a position to see the drugs or drug paraphernalia. Appellant's calculator, while potentially useful in drug operations, is nevertheless not contraband and is insufficient to establish appellant's awareness of the drugs. The cocaine discovered during the search was concealed in the attic and on the top of a water heater in a closet. The cocaine in the attic could not be reached without the assistance of two officers who lifted a third officer. Further there is sufficient evidence to suggest that other persons, including the leaseholder Lawrence Irving, could have concealed the drugs in the duplex without appellant's participation. Detective Whittington testified that during his surveillance operation he observed "hand-to-hand transactions" taking place, but none involved appellant and that appellant's visits were infrequent. Detective Whittington also stated that because there was not twenty-four hour surveillance, it is possible that Lawrence Irving could have spent significant time in the duplex.

"Whenever `evidence leaves indifferent which of several hypotheses is true, or merely established only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt.'" Pemberton, 17 Va. App. at 654, 440 S.E.2d at 422 (quoting Sutphin v. Commonwealth, 1 Va. App. 241, 248, 337 S.E.2d 897, 900 (1985)).

While "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs or paraphernalia," Brown, 15 Va. App. at 10, 421 S.E.2d at 883, nevertheless, "all reasonable hypotheses of innocence must be excluded." Pemberton, 17 Va. App. at 655, 440 S.E.2d at 422. The Commonwealth chose to put in evidence appellant's statement to the police that he was a mere visitor to the premises and possessed no drugs. Because the drugs were concealed in the residence and a number of persons were observed to have entered the residence prior to the search, the evidence does not exclude as a reasonable hypothesis appellant's innocence based on his statement.

The facts here are less compelling than those of two other cases in which the evidence was, nonetheless, held insufficient to support a finding of constructive possession. See Drew v. Commonwealth, 230 Va. 471, 338 S.E.2d 844 (1986); Pemberton, 17 Va. App. 651, 440 S.E.2d 420.

This is insufficient to prove constructive possession by the defendant. Accordingly, we reverse the conviction.

Reversed.