COURT OF APPEALS OF VIRGINIA

Present:  Judges Baker, Annunziata and Overton
Argued at Norfolk, Virginia


RONALD WAYNE BRINKLEY
                                     MEMORANDUM OPINION[*] BY
v.        Record No. 1895-96-1      JUDGE NELSON T. OVERTON
                                          JULY 22, 1997
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                    Kenneth N. Whitehurst, Jr., Judge

            Lynndolyn T. Mitchell, Assistant Public
            Defender (Andrew G. Wiggin; Office of the
            Public Defender, on brief), for appellant.

            Daniel J. Munroe, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     Following a bench trial, appellant, Ronald Wayne Brinkley,

was convicted of possession of cocaine in violation of Code

§ 18.2-250.  He contends the evidence is insufficient to support

his conviction.  We disagree and affirm.

                                I.

     Officer Summerall stopped a small Dodge Omni with bucket

seats for a minor traffic infraction.  Appellant was driving the

vehicle; another individual occupied the car's passenger seat.

Appellant agreed to Summerall's request to search him and the

vehicle.  Summerall conducted a pat-down search of appellant but

found nothing incriminating.  As Summerall searched appellant,

she attempted to watch the passenger, who remained in appellant's

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

car.  During this time, Summerall did not see the passenger move.
For "safety purposes," Summerall then placed appellant in her
patrol car.  Some other "assisting" officers were present at the
scene and stood between Summerall's patrol car and appellant's
vehicle, within fifteen feet of the passenger.  Summerall
returned to appellant's car, removed the passenger and searched
him, but she found nothing incriminating.

Summerall then searched appellant's car.  She recovered a
silver, cylindrical object under the driver's seat, closer to the
driver's door than to the center console.  The object appeared to
Summerall to be a crack pipe; she took it to appellant and asked
if he knew what it was.  Appellant stated that the object was a
crack pipe.  Summerall arrested appellant for possession of
cocaine.[1]  Summerall acknowledged that it would have been
possible for the passenger to have slipped the pipe between the
seat and the center console while she searched appellant.  She
questioned the plausibility of such a theory, however,
reiterating that she found the device on the driver's door side
of the floorboard.  She stated that the car was clean and that
she found nothing on top of the pipe.

Appellant acknowledged at trial that he was a former drug
user but maintained the crack pipe was not his and that he was
unaware of its presence in the car.  Appellant also testified
that the passenger "does" drugs.  Appellant testified that

[1]The object later proved to contain a residual of cocaine.

Summerall had asked him whether the crack pipe was his and that he responded it was not. Summerall testified that she did not ask appellant whether the crack pipe was his and that appellant did not deny ownership.

The trial court found that appellant constructively possessed the crack pipe. In so finding, the court rejected the hypothesis that the passenger could have discarded the crack pipe where it was found. Specifically, the court stated, "[the crack pipe was found] under the . . . driver's seat over at the door. It would have been very difficult for anybody else to get [it] there and put [it] under there."

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom. See Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without evidence to support it. See Code § 8.01-680; Josephs v. Commonwealth, 10 Va.

3

App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

> "To support a conviction based upon constructive possession, `the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).  While mere proximity to the drugs is insufficient to establish possession, close proximity and ownership of the vehicle are circumstances which may tend to prove that the accused knows of the presence and character of the contraband.  See Burchette v. Commonwealth, 15 Va. 432, 435, 425 S.E.2d 81, 83-84 (1992).

The pipe in this case was found under the driver's seat of the defendant's small car.  When he was asked whether he knew what it was, he answered that it was a crack pipe, demonstrating that he was aware of the character of the contraband.  The location — immediately under the driver's seat, uncovered, in a very clean car — combined with the defendant's statement at trial that he had done drugs with the passenger in the past provide evidence that supports the trial judge's conclusion that the defendant knew of the presence of the contraband as well.

Although in a circumstantial evidence case the Commonwealth must exclude every reasonable hypothesis of innocence, the Commonwealth is "not required to prove that there is no

4

possibility that someone else may have planted, discarded, abandoned or placed the drugs or paraphernalia [where they were found near an accused]." Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (alteration in original). Whether an alternative hypothesis is a "reasonable hypothesis of innocence" is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and thus binding on appeal unless it is plainly wrong or without evidence to support it. See, e.g., Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986).

The trial judge, after hearing all of the testimony and observing all of the witnesses, found no reasonable hypothesis of innocence, concluding that "[i]t would have been very difficult for anybody else to get them there and put them under there." The record supports this conclusion.

Appellant places emphasis on the other occupant of the vehicle and claims that he may have put the contraband where it was found. To bolster his claim, he points to the evidence that the passenger has had prior contact with the police over narcotics and that the passenger uses drugs. The testimony at trial also disclosed, however, that the passenger, unlike the defendant, had no prior record and that the defendant himself has had prior contact with the police over narcotics.

The testimony at trial casts further doubt upon the defendant's theory. The officer testified that she did not see

5

the passenger move. She also stated that "in order for him to put the crack pipe underneath the front seat, he would have had to reach all the way over and underneath the seat to have done that." When asked on cross-examination whether the passenger would have had to necessarily put his hands all the way over, she replied that he would have, in order to get it to the location it was found "all the way closer to the driver's side door."

The defendant did not argue at trial that the pipe could have rolled across the floorboard. Absolutely no evidence was presented as to whether, because of the car's position, the surface of the floorboard, or the physical characteristics of the pipe,[2] it was even possible for the pipe to roll. Counsel for the defense argued in closing that the passenger could have thrown the pipe, but did not attempt to develop a theory that the passenger somehow rolled the pipe under the driver's seat and across the floorboard. Without argument or evidence, the trial judge properly decided that this was not a reasonable hypothesis of innocence which the Commonwealth was required to exclude.

Accordingly, the conviction is affirmed.

<u>Affirmed.</u>

---

[2]The pipe was not admitted into evidence and was described merely as a "silver cylinder."

Annunziata, J., dissenting.

In my opinion, the evidence in the present case is insufficient to support appellant's conviction beyond a reasonable doubt to the exclusion of all reasonable hypotheses of innocence. Specifically, the evidence does not support the trial court's finding that it would have been "very difficult" for the passenger to have discarded the crack pipe where it was found under appellant's seat. The evidence shows that the passenger, a drug user, was left alone inside the vehicle while Officer Summerall searched appellant and placed him in her patrol car. Although the evidence supports the finding that the passenger would not have been able to discard the crack pipe while Summerall searched appellant, the evidence fails to account for the opportunity the passenger had to dispose of the crack pipe within the passenger compartment while Summerall placed appellant in her patrol car. The Commonwealth's attempt to fill this significant gap with Summerall's testimony concerning the presence of other officers in the area is insufficient. The evidence does not establish who these officers were or what, if anything, they saw.

In sum, I believe the evidence fails to exclude the reasonable hypothesis that the passenger discarded the crack pipe while Summerall was placing appellant in her patrol car. See, e.g., Price v. Commonwealth, 18 Va. App. 760, 767, 446 S.E.2d 642, 646 (1994). I respectfully dissent.