COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Humphreys
Argued at Richmond, Virginia


THERESA ANN JONES

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0816-00-2          JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 27, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                Catherine C. Hammond, Judge

        John H. Goots (Chalkley & Witmeyer, L.L.P.,
        on brief), for appellant.

        Michael T. Judge, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


     The appellant, Theresa Ann Jones, appeals her conviction

for possession of cocaine, in violation of Code § 18.2-250.

Jones contends the evidence was insufficient, as a matter of

law, to prove that Jones:  (1) exercised dominion and control

over the cocaine; and (2) had knowledge of the presence and

character of the cocaine.  For the following reasons, we affirm.

                          BACKGROUND

     On September 10, 1999, Investigator Charles Hanna with the

Henrico County Police Department was executing a search warrant

at a residence.  While the police were searching the apartment,

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Jones knocked on the door.  When she came in, Hanna asked her how she had arrived at the apartment.  Jones replied that someone had given her a ride there in a black Lincoln.  Hanna went outside to investigate.  He saw a black Lincoln parked outside.  However, "the car was cold," and "nobody was in the vehicle."  Hanna noticed two people sitting in a brown pickup truck and went over to speak with them.  The occupants of the truck stated they had given a person a ride to the apartment.  After receiving consent from the driver of the vehicle, Hanna searched the truck and found a brown purse on the seat between the two occupants.  Upon searching the purse, Hanna found a crack pipe underneath "various makeup" and "fake hair."  The two occupants denied owning the purse and the crack pipe.

Hanna returned to the apartment with the purse and its contents.  Jones acknowledged that the purse and "everything in the purse" belonged to her.  When asked specifically about the crack pipe, Jones denied owning it and denied knowing how it got into her purse.  Jones told Hanna that "she had just got out of jail and she hadn't used crack since she was locked up."  Hanna did not find any drugs on Jones when he searched her subsequent to placing her under arrest.

## ANALYSIS

On appeal, we view the evidence and all reasonable inferences fairly deducible therefrom, in the light most favorable to the Commonwealth.  Higginbotham v. Commonwealth,

-

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  We will affirm the conviction "unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Id.

Code § 18.2-250(A) provides:  "It is unlawful for any person knowingly or intentionally to possess a controlled substance . . . ."  "'Possession of a controlled substance may be actual or constructive.'"  Pemberton v. Commonwealth, 17 Va. App. 651, 654, 440 S.E.2d 420, 422 (1994) (citation omitted). "'To support a conviction based upon constructive possession, the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"  Id. (citations omitted).

In this case, Jones contends the Commonwealth failed to prove, as a matter of law, that Jones was aware of both the presence and character of the cocaine found and that the cocaine was subject to her dominion and control.[1]  We disagree.

---

[1] Contrary to the Commonwealth's contention, we find Jones properly preserved both issues for appeal.  In his motion to strike, Jones's counsel stated, "The pocketbook was easily accessible to two other individuals in the car."  "[W]e don't know how that crack pipe got there, but there's surely not an inference that it's hers, and we'd move to strike on that basis."  The objection was sufficient to raise both issues that are the subject of this appeal.

-

"Where 'a conviction is based on circumstantial evidence, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Pemberton, 17 Va. App. at 655, 440 S.E.2d at 422 (citations omitted); see also Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 664 (1994). In this case, the evidence excludes every reasonable hypothesis of innocence.  Although Jones argues that it is possible that while she was in the apartment one of the occupants of the truck hid the crack pipe in her purse, the Commonwealth's evidence excludes such a possibility.  When Hanna found the crack pipe in Jones's purse, he questioned both occupants of the vehicle and both denied owning the purse and the crack pipe.  Therefore, the inference is warranted that the crack pipe found buried in Jones's purse belonged to her.  See Robbs v. Commonwealth, 211 Va. 153, 155-56, 176 S.E.2d 429, 431 (1970) (court held it was reasonable to infer that housecoat and drugs contained inside belonged to the defendant where the other persons present denied ownership).  In addition, the court found that Jones lied to the police about how she got to the apartment.  The reasonable inference flowing from her lie is that she was trying to divert the police away from the truck and her purse containing the crack pipe.  Although Jones denied knowing about the crack pipe, the court, acting as fact finder, was free to reject her testimony and conclude that she was lying to conceal her guilt.

-

Speight v. Commonwealth, 4 Va. App. 83, 88, 354 S.E.2d 95, 98 (1987) (en banc); see also Rollston v. Commonwealth, 11 Va. App. 535, 547-48, 399 S.E.2d 823, 830-31 (1988). In addition, "[p]ossession of a controlled drug gives rise to an inference of the defendant's knowledge of its character." Josephs v. Commonwealth, 10 Va. App. 87, 101, 390 S.E.2d 491, 498-99 (1990) (en banc); see also Shackleford v. Commonwealth, 32 Va. App. 307, 325, 528 S.E.2d 123, 132 (2000); Hunley v. Commonwealth, 30 Va. App. 556, 562, 518 S.E.2d 347, 350 (1999). Furthermore, Jones admitted to a history of prior use of crack cocaine, thus supporting the inference that she was aware of the character of the cocaine found in her purse.

We find the evidence was sufficient to prove that Jones was aware of both the presence and character of the cocaine found in her purse and that the cocaine was subject to her dominion and control. Accordingly, we affirm the conviction.

Affirmed.

-