COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


JAMES OSIAS SIMONE, JR.

                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0551-04-1              JUDGE ROBERT P. FRANK
                                           MARCH 15, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
Commission, on briefs), for appellant.

Eugene Murphy, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


James Osias Simone, Jr., appellant, was convicted, in a bench trial, of four counts of

possession of child pornography in violation of Code § 18.2-374.1:1.  On appeal, he contends the

trial court erred in 1) finding that appellant knowingly possessed three images located in the

Temporary Internet File ("cache") of a computer, along with one image displayed as the

wallpaper; 2) finding that the images found in the computer constituted four separate offenses;

and 3) finding that appellant did not abandon the computer and the items contained therein.  For

the reasons that follow, we reverse and dismiss.[1]

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] For purposes of res judicata, we remand solely for the purpose of correcting the date of
the offenses in the final sentencing order from July 16, 2003 to June 29, 2002.

BACKGROUND

For approximately two years prior to June 27, 2002, Alexandra and Mark Reed rented a converted garage to appellant as his residence. During the last week of March 2002, appellant gave the Reeds verbal notice that he was moving. At some point, appellant stopped paying rent and the Reeds filed an unlawful detainer action to evict him. A court date was pending when the Reeds first entered the premises on June 27, 2002.

Because the Reeds had seen no activity on the premises "in a couple of weeks," they entered the premises on June 27, 2002 to clean the apartment. Prior to entry, Mr. Reed found the apartment secured. The door was locked, but it was scratched and appeared to have been tampered with. The windows were locked as well, but the curtains were open. Upon entering, the Reeds found "a bunch of clothes," magazines, various paper items and an unplugged computer sitting on a table. Although the record does not indicate when appellant moved out of the apartment, it is uncontroverted that appellant was no longer living in the apartment on June 27, 2002.

The Reeds left and returned on June 29 to clean the apartment. They intended to collect appellant's property and either allow him to pick it up or give it to his parents. They plugged in the computer "to see if it worked" and saw wallpaper that contained the image of a "very young girl partially nude against a flag." They called the police.

Mr. Reed had seen appellant using the computer on one prior occasion. During the time appellant had lived on the premises, no one else lived there. Mrs. Reed testified that nobody else was entitled to live there, to have a key to the premises or to go on the property unless as an invited guest of appellant.

The police seized the computer. Among other items seized were some adult pornographic magazines and a number of downloaded Internet images "relating to sexual incidents involving young females."

Virginia State Police Special Agent Rudy Jones, qualified as an expert in computer forensics, found files on appellant's computer containing "numerous pictures of females in various state of undress, some of which may have been under the age of eighteen." Police also found two hundred sixty files containing "sexually explicit content, text containing sexual content and/or photographs."

In the Windows directory, Special Agent Jones found a file entitled "Jess.bmp." which contained the image displayed as the wallpaper. This image was introduced at trial. The other three images introduced at trial were recovered from the "AOL 4.0 directory cache/user 00101."[2] Agent Jones testified that all four images registered separate carryover dates and times. Agent Jones indicated he could not tell whether any of the dates and times were accurate since the battery which controlled the clock had expired. Each of the images was of young children in various poses and stages of undress.

Agent Jones stated:

> It appeared looking at the history that whoever was at the
> keyboard, that person was specifically looking for certain items,
> i.e. pictures of young persons under the age of eighteen.

From what the agent saw, he opined "whoever was using that computer was searching for web sites or pictures or information about persons under the age of eighteen." That person had used and actually typed in search terms such as "Lolita," "pre-teen," "teenagers," "pre-teen pictures" and "pedophilia." These were "the usual type search terms that you see in cases involving persons checking for pictures of persons under the age of eighteen."

---

[2] Cache files are also referred to as Temporary Internet Files.

A pediatrician concluded that each of the four pictures portrayed children under the age of 18.

Appellant was indicted for four counts of possession of child pornography, all allegedly occurring on June 29, 2002.  Appellant was only charged and convicted of possessing the images found on the "wallpaper" and in the cache file.[3]  The trial court convicted appellant of all four counts, ruling that the evidence showed beyond a reasonable doubt that appellant was in possession of all four items and that the evidence was sufficient to sustain four separate convictions.  The court stated:

> [T]he Court does not find any credence to the suggestion that it was abandoned at the apartment based upon the testimony regarding access to the apartment and the testimony regarding the fact that this computer had been seen by the Reeds in the apartment as being used and belonging to the defendant, and clearly as to Commonwealth's Exhibit Number 6 [wallpaper], it was an item by all accounts that was manually downloaded onto the computer, and the computer was in the possession of the defendant at his apartment, no one else.  There was no testimony suggesting anyone else lived there with him and, as a matter of fact, it was an item that popped up or appeared, rather, on the screen when the computer was cut on, so the Court has absolutely no doubt that the defendant possessed that image within the terms of the statute and so finds.

In a following written opinion, the court stated:

> The Internet searches conducted by the defendant, as revealed by Agent Jones, show that he was reaching out for images involving child pornography.  As the testimony revealed, one of his search terms was "Lolitas," a common term in the search for child pornography according to the testimony. . . . These stories reveal the defendant's interest in sexual activity of juveniles.  This evidence, in conjunction with the defendant's knowing possession of another child pornography image which had to be manually downloaded onto the wall paper of his computer and which was visible every time the computer was turned on, combines to show beyond a reasonable doubt that the defendant reached out for these images with the intent to control and have dominion over them.

---

[3] Appellant does not contest that the content of the items was obscene.

The defendant acquired mastery of and had control of these images. The defendant's Internet search terms, stories involving graphic juvenile sexual activity, and the child pornography image manually displayed on his computer wall paper, sufficiently answers any doubts raised by the defendant regarding the manner in which these three cache images found their way onto the temporary internet files on his computer. Defendant's actions as a whole prove, beyond a reasonable doubt, that he reached out for and controlled the three images contained in his computer's cache/temporary internet file.

The court sentenced appellant to twelve months in jail, with eight months suspended, on the misdemeanor conviction. On each felony conviction, the court sentenced appellant to six years incarceration, with five years and eight months suspended. The court ordered that all four sentences run concurrently, for a total period of incarceration of four months.

ANALYSIS

STANDARD OF REVIEW

When the sufficiency of the evidence is challenged on appeal, we review the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Bright v. Commonwealth, 4 Va. App. 248, 250, 356 S.E.2d 443, 444 (1987). The trial court's judgment will not be set aside unless plainly wrong or without evidence to support it. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (*en banc*). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Breeden v. Commonwealth, 43 Va. App. 169, 177, 596 S.E.2d 563, 567 (2004).

ABANDONED PROPERTY

Appellant contends that because he had previously abandoned the computer, he was not in possession of the computer or its contents on June 29, 2002. The Commonwealth responds that there is no evidence in the record to suggest the appellant's intent to abandon the property. While appellant argues abandonment, the overriding issue is whether appellant possessed the

images contained within the computer on June 29, 2002, the date alleged in the indictment.[4] Appellant is not charged with possession on an earlier date.

In order to convict a person of illegal possession of contraband, "proof of actual possession is not required; proof of constructive possession will suffice." Maye v. Commonwealth, 44 Va. App. 463, 483, 605 S.E.2d 353, 363 (2004). To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). Ownership or occupancy of the premises on which the contraband was found is a circumstance probative of possession. Archer v. Commonwealth, 26 Va. App. 1, 12, 492 S.E.2d 826, 832 (1997). However, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the [contraband]" where the contraband is discovered. Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (*en banc*). "To resolve the issue, the Court must consider the totality of the circumstances established by the evidence." Williams v. Commonwealth, 42 Va. App. 723, 735, 594 S.E.2d 305, 311 (2004).

While we recognize that the trial court addressed the issue of abandonment, we note that the court addressed it only in reference to the time period when appellant occupied the apartment. Rather than focusing on whether or not appellant had abandoned the images on the computer on June 29, 2002, the date alleged in the indictment, the trial court determined that

---

[4] While appellant cites no authority, and we find none, to support the contention that abandonment is an absolute defense to possession, we recognize that facts and circumstances which might indicate an intent to abandon property are relevant considerations when analyzing constructive possession.

appellant had not abandoned the computer during the time period when the Reeds observed appellant using the computer. The trial court made no factual findings whether or not appellant either abandoned or possessed the computer images on June 29, 2002.

It is undisputed that appellant had vacated the premises sometime prior to June 29, 2002. Just as ownership or occupancy of the premises on which contraband is found is a circumstance probative of possession, we consider Mrs. Reed's testimony that "[i]t looked like the tenant had left and I hadn't seen any activity in a couple of weeks" as a significant factor in considering appellant's possession of the computer images on June 29, 2002. Although appellant left clothing, magazines, paperwork, and the unplugged computer in the apartment, there is nothing in the record to suggest that he exercised any control over the computer images on June 29, 2002. There is no evidence that appellant, after vacating the premises, returned to exercise dominion and control over the computer or any other property left there. There is no evidence to suggest he made any effort to retrieve the computer. There is no evidence appellant retained a key to the apartment.

Whenever "evidence leaves indifferent which of several hypotheses is true, or merely establishes only some finite probability in favor of one hypothesis, such evidence does not amount to proof of guilt beyond a reasonable doubt." Pemberton v. Commonwealth, 17 Va. App. 651, 654, 440 S.E.2d 420, 422 (1994) (citation omitted). We are not prepared to rule that possession on an earlier date, without more, necessarily establishes possession on a later date. We find that appellant, as a prior tenant, did not have sufficient dominion and control over the computer on June 29, 2002 to conclude that he possessed the images contained thereon on that date.

KNOWING POSSESSION OF CHILD PORNOGRAPHY/MULTIPLE COUNTS

Because we find that appellant did not possess the computer or the images therein on June 29, 2002, we need not address appellant's remaining issues.

Reversed, dismissed, and remanded.