COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Senior Judge Hodges
Argued at Chesapeake, Virginia


DERRICK GRIER
                                         OPINION BY
v.    Record No. 0421-00-1         JUDGE RICHARD S. BRAY
                                          MAY 29, 2001
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                  Dean W. Sword, Jr., Judge

        S. Jane Chittom, Appellate Defender (Public
        Defender Commission, on briefs), for
        appellant.

        Stephen R. McCullough, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Derrick Grier (defendant) was convicted in a bench trial for

possession of heroin with the intent to distribute, possession of

a firearm while in possession of the heroin, and possession of a

firearm by a convicted felon.  On appeal, defendant contends the

conviction for heroin possession was based upon an indictment that

did not set forth a crime and was, therefore, void.  He also

challenges the sufficiency of the evidence to prove the two

firearm offenses.  Finding no error, we affirm the convictions.

     In accordance with well established principles, we consider

the evidence most favorably to the Commonwealth, the prevailing

party below.  Boney v. Commonwealth, 29 Va. App. 795, 798, 514

S.E.2d 810, 811 (1999).

                                I.

     Portsmouth Police Officer P.J. Grover, while conducting a

"spotting operation" in the 1700 block of Chestnut Street,

observed a black Oldsmobile "pull into the area" and "stop[] in

the road."  A woman was operating the vehicle and a man, later

identified as defendant, occupied the front passenger seat.

Aided by binoculars, Grover watched two men approach the

passenger window of the car and exchange cash for a "small

item. . . .  Then a . . . female pulled up in a small vehicle[,]

. . . got out[,] . . . yelled in the direction of the black

Oldsmobile, 'I didn't think there was any dope out here,'" and

purchased a "small item" at the "driver's side" of the vehicle.

After witnessing several similar transactions, including the

purchase of a "capsule" at the "driver's window," which Grover

"could see" and "suspected to be . . . heroin," Grover summoned

a "take-down" team of officers.  While awaiting arrival of the

team, Grover observed another cash for "capsule" transaction at

the passenger window.

     Portsmouth Police Sergeant B.K. Abdul-Ali, accompanied by

Officer James Lewis, responded to Grover's radio message and

"fell in behind" the Oldsmobile as the vehicle "pulled out."

Abdul-Ali "activated emergency equipment on the police car" and,

"[a]s the vehicle . . . began to stop," noticed defendant, still

in the front passenger seat, "lean[] forward and [sit] back real

fast."  Abdul-Ali and Lewis approached the car, opened the

                                -

passenger door, "had [defendant] step out . . . [and] patted him down for weapons." Abdul-Ali then "reached down in the front of the [passenger] seat area," beneath "where defendant was sitting" when he "leaned forward," and discovered a plastic bag containing 44 capsules of heroin, "on top of" a 9mm semi-automatic handgun, the offending drugs and weapon.

Defendant was arraigned in the trial court on a three-count indictment, Count 1 of which alleged he "did knowingly and intentionally possess an imitation controlled substance represented to be Heroin, a controlled substance listed in Schedule I of the Drug Control Act. An Unclassified felony, in violation of 18.2-248 . . . ."[1] Immediately following arraignment and conclusion of the pretrial colloquy between defendant and the court, the prosecutor advised the court that the indictment referenced "an imitation controlled substance," although "[t]his is possession with intent to distribute a controlled substance case, not . . . an imitation controlled substance." The court, noting the indictment correctly recited "the code section," inquired of defendant's counsel if "that create[d] any problem[,]" and he responded, "No." The court then ordered Count 1 of the indictment "amend[ed] . . . to

_____

[1] The caption of the indictment referenced three subject offenses: "POSSESSION OF A CONTROLLED SUBSTANCE WITH THE INTENT TO DISTRIBUTE," "POSSESSION OF A FIREARM WHILE IN POSSESSION WITH THE INTENT TO DISTRIBUTE A CONTROLLED SUBSTANCE," and "POSSESSION OF A FIREARM BY A CONVICTED FELON."

-

delete the word 'imitation,'" provided "there is no objection and no difficulty."  Neither defendant nor his counsel voiced objection and, later, at the suggestion of the court, both joined the prosecutor and initialed the amended language on the face of the indictment.

Trial proceeded and defendant was convicted of the subject offenses, all without any objection by defendant or his counsel with respect to the indictment.

## II.

On appeal, however, defendant first complains that Count 1 of the original indictment did "not state an offense" and, therefore, was "invalid" and not properly subject to amendment. Accordingly, defendant contends the attendant conviction is void and subject to challenge "for the first time on appeal."

Article I, Section 8, of the Constitution of Virginia, requires, inter alia, "[t]hat in criminal prosecutions a man hath a right to demand the cause and nature of his accusation . . . ."[2]  However, "'[w]hile the Constitution guarantees every man [such] right . . ., it does not prescribe the manner'" of compliance, and the legislature may satisfy the constitutional imperative by presentment, information, indictment or "'any other manner.'"  Forester v. Commonwealth, 210 Va. 764, 766, 173

---

[2] Defendant does not assert infringement on his right "to be informed of the nature and cause of the accusation" guaranteed by the Sixth Amendment to the United States Constitution or a denial of due process.

-

S.E.2d 851, 853 (1970) (citation omitted).  Significantly, "'the

right guaranteed by the Constitution is the right to demand the

cause and nature of [the] accusation. . . .  It is a right [an

accused] may waive if he chooses, and which he will be held to

have waived unless he asserts it.'"  Id. (emphasis added).

In compliance with the mandate of Article I, Section 8,

Code § 19.2-217 provides, in pertinent part, that "no person

shall be put upon trial for any felony, unless an indictment or

presentment shall have first been found or made by a grand jury

. . . ."  See Code § 19.2-216 (defining "indictment" and

"presentment").  Code §§ 19.2-220, -221, and Rule 3A:6 specify

the format and contents of an indictment, including the

requisite "'notice of the nature and character of the

accusations against'" an accused.  Sims v. Commonwealth, 28 Va.

App. 611, 619, 507 S.E.2d 648, 652 (1998) (citation omitted).

However, "'[t]here is no constitutional requirement in Virginia

that felony prosecutions be by indictment.  The [indictment]

requirement is only statutory and may [also] be waived.'"

Forester, 210 Va. at 766, 173 S.E.2d at 853 (citation omitted)

(emphasis added); see Code §§ 19.2-217, -227; see also Triplett

v. Commonwealth, 212 Va. 649, 651, 186 S.E.2d 16, 17 (1972)

("requirement for indictment is not jurisdictional and

constitutionally imposed but . . . only statutory and

procedural").

-

Thus, with the constitutional guarantee of a particularized accusation and the legislative and judicial responses subject to waiver, "it seems clear that [an accused's] constitutional rights are not violated by requiring that if he questions the validity of an indictment that . . . he shall do so before he goes to trial on a plea of not guilty and is convicted." Forester, 210 Va. at 766, 173 S.E.2d at 853 (citation omitted). Accordingly, the failure "to question the form or validity of the indictment, or any defect or omission therein, before the verdict," constitutes a waiver "to be more fully advised of 'the cause and nature of [the] accusation.'" McDougal v. Commonwealth, 212 Va. 547, 549, 186 S.E.2d 18, 20 (1972); accord Washington v. Commonwealth, 216 Va. 185, 192, 217 S.E.2d 815, 822 (1975); Forester, 210 Va. at 767, 173 S.E.2d at 854.

Integrating the constitutional and statutory rights of an accused to be informed of the criminal conduct alleged and the attendant doctrines of waiver, Code § 19.2-227, the statute of jeofails, provides that "[j]udgment in any criminal case shall not be arrested or reversed upon any exception or objection made after a verdict to the indictment or accusation, unless it be so defective as to be in violation of the Constitution." Similarly, Rule 3A:9 requires, inter alia, that "(b) [d]efenses and objections based on defects in the institution of the prosecution or the written charge upon which the accused is to be tried, other than that it fails to . . . charge an offense,

-

must be raised by motion made . . . (c) . . . at least 7 days before the day fixed for trial."  However, in deference to the constitutional prerequisite of notice, the Rule, like the statute of jeofails, preserves the right of an accused to challenge "the failure of the written charge . . . to state an offense . . . at any time <u>during</u> . . . <u>the proceeding</u>."  Rule 3A:9(b) (emphasis added).

Thus, by statute, Rule of Court, and case law, the constitutional right of an accused "to demand the cause and nature of his accusation" is well established.  However, failure to timely assert such protection constitutes a waiver both of exception or objection to any constitutional and procedural infirmities.

> The Constitution gives to the accused the right to demand the cause and nature of his accusation, and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right.  He must be given a full and fair opportunity of asserting his right, but after this has been afforded him and he has failed to avail himself of it, he cannot complain.

<u>Flanary v. Commonwealth</u>, 133 Va. 665, 667-68, 112 S.E. 604, 604 (1922).

Here, the issue is not the absence of an indictment but, rather, failure of the original instrument to set forth a crime. However, defendant neither timely asserted his right to demand a proper allegation, by objection or otherwise, nor protested

-

amendment of the indictment correcting the deficiency.  To the contrary, with the court, the Commonwealth and defendant all fully aware of the precise offense contemplated by the indictment, defendant acknowledged, in open court, that the original indictment presented no "problem" and joined in an amendment correctly charging the crime.  Now, after suffering conviction, defendant, for the first time on appeal, challenges the procedural course followed by the trial court with his acquiescence and complicity.

Under such circumstances, defendant clearly waived objection to the original indictment with respect to the "cause and nature" of the accusation, together with any complaint related to the procedure employed by the court in curing such deficiency, by amendment or otherwise.  Moreover, "'having agreed upon the action taken by the trial court, [defendant] should not be allowed to assume an inconsistent position[,] . . . to approbate and reprobate . . . .'"  Manns v. Commonwealth, 13 Va. App. 677, 679-80, 414 S.E.2d 613, 615 (1992) (citation omitted).

Defendant's reliance upon Wilder v. Commonwealth, 217 Va. 145, 225 S.E.2d 411 (1976), for a contrary result is misplaced. In Wilder, the original indictment "stated no offense" and the accused moved to quash prior to trial, asserting both his constitutional and statutory rights to a properly framed accusation.  Id. at 146, 225 S.E.2d at 412-13.  After denying

-

the motion, the trial court amended the defective indictment, despite Wilder's further objection.  The Supreme Court of Virginia reversed, reasoning that the court was without authority to dispense with the properly asserted fundamental rights of the accused by amendment of a constitutionally flawed indictment.  In contrast, defendant here urged the trial court to indulge a compromise of such safeguards and did not complain of the implications until after conviction.[3]

### III.

Defendant next challenges the sufficiency of the evidence to prove possession of the firearm, the gravamen of the two remaining offenses.  Defendant acknowledges the "facts prove . . . he was near the handgun," but maintains "they do not prove he possessed it."

"When considering the sufficiency of the evidence on appeal of a criminal conviction, we must view all the evidence in the light most favorable to the Commonwealth and accord to the evidence all reasonable inferences fairly deducible therefrom."  Clarke v. Commonwealth, 32 Va. App. 286, 300, 527 S.E.2d 484, 491 (2000) (citation omitted).  "The judgment of a trial court sitting

---

[3] Recently, in Powell v. Commonwealth, the Supreme Court of Virginia reversed a conviction resulting from an indictment amended, over objection of the accused, "materially chang[ing] the nature of the offense originally charged."  261 Va. 512, 535, 544 S.E.2d 679, 692 (2001).  Again, timely assertion by the accused of constitutional and statutory rights distinguishes Powell from the instant record.

-

without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Greene v. Commonwealth, 17 Va. App. 606, 607-08, 440 S.E.2d 138, 139 (1994). "The weight which should be given to evidence and whether the testimony of a witness is credible are questions which the fact finder must decide." Id.

The principles that govern constructive possession of illegal drugs also apply to constructive possession of a firearm. Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993). Thus, the possession necessary to support a conviction for the possession of a firearm may be actual or constructive. Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368 (1994) (en banc). Constructive possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the [weapon] and that it was subject to his dominion and control." Id. at 444, 452 S.E.2d at 368-69 (citation omitted). "Possession . . . need not always be exclusive. The defendant may share it with one or more persons" and "[t]he duration of possession is immaterial." Gillis v. Commonwealth, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974). Occupancy of a vehicle where contraband is found is a circumstance that may be considered, together with other

-

evidence, to prove that the occupant exercised dominion and control over the offending article.  Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citation omitted).

When "a conviction is based on circumstantial evidence, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'"  Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citation omitted).  However, "'[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [firearm,] drugs or paraphernalia where they were found near an accused.'"  Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (citation omitted).  Whether a hypothesis of innocence is reasonable is a question of fact, Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a finding by the trial court is binding on appeal unless plainly wrong.  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Here, the operator of a vehicle and defendant, the sole passenger, were observed by police exchanging capsules and unidentified "small items" from the window of the car for cash. As police stopped the vehicle, within minutes of a transaction, defendant furtively "leaned forward and . . . back real fast."

-

Searching the vehicle, police discovered a plastic bag containing numerous capsules of heroin, resting atop a handgun, directly beneath the seat occupied by defendant. Both the weapon and capsules were within easy reach of defendant as he distributed the illicit drugs. Such evidence clearly supports a finding that defendant, a convicted felon, exercised dominion and control over both the bag of capsules and firearm, together with knowledge of the nature and character of each, while engaging in repeated drug sales from the vehicle.[4]

Accordingly, we affirm the trial court.

<u>Affirmed</u>.

---

[4] Because we do not find Count I of the subject indictment void, we decline to consider defendant's subsidiary argument that the related conviction for the simultaneous possession of a firearm and drugs must be reversed. Defendant's status as a convicted felon is not in issue.

-