COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


MARGARET MAE MEADORS
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1428-01-2            JUDGE WILLIAM H. HODGES
                                             MAY 14, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF HENRICO COUNTY
                Catherine C. Hammond, Judge

        Wayne R. Morgan, Jr., for appellant.

        Donald E. Jeffrey, III, Assistant Attorney
        General (Jerry W. Kilgore, Attorney General,
        on brief), for appellee.


     Appellant was convicted of grand larceny.  On appeal, she

contends the evidence was insufficient to support the conviction

because the Commonwealth failed to exclude a reasonable hypothesis

of innocence.  We agree and reverse.

     "On appeal, 'we review the evidence in the light most

favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.'"  Archer v.

Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997)

(citation omitted).

     So viewed, the evidence proved that appellant was the manager

at All-Systems Satellite Distribution ("All-Systems") in January

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

2000.  Ronald Grant, an owner of a satellite retailer, testified that he made cash purchases from All-Systems for $532 and $857 on January 3 and January 27, 2000, respectively.  Grant could not remember whether he paid appellant or another employee named Jason, who was the salesperson at All-Systems.

Vernon Unser was the manager for All-Systems from January 1992 to February 1998 and returned as manager on February 7, 2000.  Unser testified as to the accounting practices of the business.  Unser explained that when customers paid in cash, an invoice was generated and the amount of cash was recorded on the daily cash sheet.  The money was normally deposited in the bank that night or the following business day.  The deposits were logged in the company's check register along with the corresponding invoice number.  The daily cash sheet for January 27, 2000, was in appellant's handwriting and showed that no cash was received on that day.  The daily cash sheet for the next day did not include the $857 transaction from Grant, although three other transactions were recorded.  One entry was in appellant's handwriting and two entries were in Jason's handwriting; however, appellant initialed one of the entries by Jason.  Unser examined the check register from January 24 to February 1, 2000, and the $857 was never deposited.  Unser also testified that the check register for January 17, 2000, showed a deposit of three dollars, which referred to the invoice number of Grant's January 3rd transaction and stated that it was a partial payment.  This entry was in

-

appellant's handwriting. Unser acknowledged that the thefts ceased after Jason left his employment with All-Systems. Unser also acknowledged that on prior occasions he had completed an invoice for a transaction, but that another person would later finalize the transaction. Richard Logiudice, a co-owner of All-Systems, testified that a partial payment of three dollars "would almost be an impossibility."

"Where the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984). "[A] suspicion of guilt, however strong, or even a probability of guilt, is insufficient to support a criminal conviction." Id. at 170, 313 S.E.2d at 393. "Whether a hypothesis of innocence is reasonable is a question of fact . . . and a finding by the trial court is binding on appeal unless plainly wrong." Grier v. Commonwealth, 35 Va. App. 560, 571, 546 S.E.2d 743, 748 (2001).

We agree with appellant that the Commonwealth failed to exclude her reasonable hypothesis of innocence that Jason took the money. The evidence proved that Grant was unable to remember whether appellant or Jason completed his transaction and that the thefts ceased after Jason left his employment with All-Systems. The evidence also proved that Jason had access to the money and made entries on the daily cash sheet, which were not initialed by

-

appellant.  Appellant did complete the invoices for the transactions; however, Unser acknowledged that on prior occasions he had completed an invoice for a transaction, but that another person would later finalize the transaction.  Appellant did record a partial payment in the check register for an invoice which corresponded to one of Grant's purchases; however, there were several other partial payments also recorded in the check register.  The Commonwealth failed to exclude the reasonable hypothesis of innocence that another person took the money.  Accordingly, appellant's conviction for grand larceny is reversed and dismissed.

<u>Reversed and dismissed.</u>

-