COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Benton, Elder,
          Annunziata, Bumgardner, Frank, Humphreys, Clements,
          Agee, Felton and Kelsey
Argued at Richmond, Virginia


PHILLIP BRANCH
                                    MEMORANDUM OPINION* BY
v.   Record No. 1077-01-2          JUDGE ROSEMARIE ANNUNZIATA
                                        DECEMBER 3, 2002
COMMONWEALTH OF VIRGINIA


                    UPON A REHEARING EN BANC

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                     Robert W. Duling, Judge

          Cynthia E. Payne, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          Robert H. Anderson, III, Senior Assistant
          Attorney General (Jerry W. Kilgore, Attorney
          General, on brief), for appellee.


     On May 7, 2002, a unanimous panel of this Court reversed

and dismissed the conviction of appellant, Phillip Branch, for

possession of a firearm, in violation of Code § 18.2-308.2.[1]  The

panel determined that the Commonwealth's evidence did not

establish beyond a reasonable doubt that Branch was aware of the

nature, presence and character of the gun in the car and,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Branch was also convicted of attempting to elude the
police in violation of Code § 46.2-817(B).  That conviction is
not at issue on appeal.

therefore, that he was not in constructive possession of it. We stayed the mandate of that decision and reinstated the appeal. Upon rehearing en banc, we affirm the trial court.

On appeal, we view the facts in the light most favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences fairly deducible therefrom. See Cressell v. Commonwealth, 32 Va. App. 744, 763-64, 531 S.E.2d 1, 10 (2000). On September 27, 2000, at approximately 2:00 a.m., Trooper Jeffrey Stump, of the Virginia State Police, observed Branch travelling 71 miles per hour in a posted 55 miles-per-hour zone. When Stump turned on his emergency lights and siren, Branch began a high-speed flight, through a construction zone, that ended only after he ran into a 12-foot stockade fence. The collision brought the car to a complete stop. Branch exited the car and ran, leaving behind a person in the passenger side of the car.

Stump had the passenger exit the car. He saw a .44 Magnum revolver, partially under the floor mat with the handle in close proximity to the brake pedal. Branch was apprehended by another trooper a short time later.

At trial, Branch testified that he was driving the car, which belonged to his girlfriend, Sherelle Crews, and had been stolen around 10:30 p.m. that evening and that he and a friend looked for the stolen car until they found it at approximately 1:00 a.m.

After locating the car, Branch drove onto Interstate 95. Branch testified he was speeding because he was afraid to drive without his license and he knew he was on probation. He stated he "panicked" and tried to flee when Stump activated his emergency lights and siren. However, he claimed he did not know the gun was in the car and contended that it would have been impossible for him to drive with the gun in the location where Stump found it.

Branch's girlfriend, Crews, testified that her car was stolen earlier that evening and that Branch and a friend had gone to look for it. She denied owning a gun and denied telling Stump that Branch did not have permission to drive the car.

On appeal, Branch contends the evidence presented by the Commonwealth was insufficient to establish his constructive possession of the gun. We disagree and affirm.

When reviewing the sufficiency of the evidence after a conviction, we consider that evidence in the light most favorable to the Commonwealth, and we affirm the conviction unless it is plainly wrong or without evidence to support it. Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906-07 (2001) (citing Horton v. Commonwealth, 255 Va. 606, 608, 499 S.E.2d 258, 259 (1998)). When the circuit court sits without a jury, as in this case, it acts as the fact finder and, therefore, the court's judgment is accorded the same weight as a jury verdict. See id. As the fact finder, the court "need not

- 3 -

believe the accused's explanation and may infer that he is trying to conceal his guilt." Id. Moreover, "[f]light following the commission of a crime is evidence of guilt . . . ." Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996), cert. denied, 519 U.S. 1122 (1997). Nevertheless, where the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence, and must exclude every reasonable hypothesis of innocence. Sutphin v. Commonwealth, 1 Va. App. 241, 244, 337 S.E.2d 897, 898 (1985) (citations omitted). "Whether an alternative hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong." Stevens v. Commonwealth, 38 Va. App. 528, 535, 567 S.E.2d 537, 540 (2002) (citations omitted).

To support a conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, there must be proof that the defendant actually or constructively possessed the firearm at issue. See Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993). To sustain a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that [Branch] was aware of both the presence and character of the [gun] and that it was subject to his dominion and control." Powers v. Commonwealth, 227

- 4 -

Va. 474, 476, 316 S.E.2d 739, 740 (1984). "'However, the Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [firearm] where [it was] found near an accused.'" Grier v. Commonwealth, 35 Va. App. 560, 571, 546 S.E.2d 743, 748 (2001) (quoting Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994)).

Mere proximity to the gun is not sufficient to establish dominion and control. See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986). Likewise, "ownership or occupancy alone is insufficient to prove knowing possession of a gun located on the premises or in a car." Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). However, ownership, occupancy and proximity are circumstances that may be considered together to prove constructive possession. See id.; see generally Drew, 230 Va. at 473, 338 S.E.2d at 845; Powers, 227 Va. at 476, 316 S.E.2d at 740.

We find the Commonwealth's evidence excluded Branch's hypothesis that someone else placed the gun in the car and that he neither knew of its presence nor exercised dominion and control over it. See Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997) ("'The Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant.'" (citation omitted)).

- 5 -

The gun was present in plain view and under Branch's feet, in a car Branch was driving. Branch's contention at trial, that he would not have been able to operate the car with the gun in that location, was rejected by the trial court. The photograph introduced to establish the gun's location relative to the operating pedals does not place the gun below the brake pedal, but rather, to the left of the pedal, near the footrest.

Viewing this evidence, together with Branch's flight from police, the trial court's resolution of the remaining credibility issues raised by Branch and his witness, Crews, including Branch's denial that he possessed a gun, we find the evidence proves beyond a reasonable doubt that Branch possessed a firearm, in violation of Code § 18.2-308.2.

Affirmed.

Humphreys, J., with whom Benton, J., joins, dissenting.

Because I would find the circumstantial evidence in this case was insufficient as a matter of law to prove beyond a reasonable doubt that Branch constructively possessed the gun, I respectfully dissent from the majority opinion.

As the majority aptly states, "[w]hen a defendant challenges the sufficiency of the evidence on appeal, the reviewing court must give the judgment of the trial court sitting without a jury the same weight as a jury verdict." Tarpley v. Commonwealth, 261 Va. 251, 256, 542 S.E.2d 761, 763 (2001) (citing Hickson v. Commonwealth, 258 Va. 383, 387, 520 S.E.2d 643, 645 (1999); Commonwealth v. Taylor, 256 Va. 514, 518, 506 S.E.2d 312, 314 (1998)). Indeed, an appellate court has the duty to examine the evidence that tends to support the conviction and to uphold the conviction unless it is plainly wrong or without evidence to support it. Code § 8.01-680. However, an "appellate court is equally obligated to set aside the trial court's judgment when it is contrary to the law and the evidence and, therefore, the judgment is plainly wrong." Tarpley, 261 Va. at 256, 542 S.E.2d at 763 (emphasis added).

"When 'a conviction is based on circumstantial evidence, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Grier v. Commonwealth, 35 Va. App. 560, 571, 546 S.E.2d 743, 748 (2001) (quoting Garland v.

- 7 -

Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).

Thus, the evidence itself, when taken in the light most favorable

to the Commonwealth, must exclude every reasonable hypothesis of

innocence.[2]

The evidence in this case, taken in the light most favorable

to the Commonwealth and as accepted by the trial court, proved

that Branch was driving a car that did not belong to him when he

was observed speeding by the police.  The evidence further proved

that a police pursuit ensued, during which Branch drove at speeds

in excess of 80 miles per hour, drove through a road construction

zone where the car collided with construction barrels and drove

across railroad tracks at a high rate of speed.  As Trooper Stump

testified, when Branch hit the railroad tracks, the car he was

driving left the ground and collided with a 12-foot stockade

fence, traveling "five, six feet through the fence before it

stopped."  Stump testified that when the car came to a stop, he

observed Branch "immediately" get out of the car and run.  Stump

stated that when he approached the driver's side of the car, he

saw the gun at issue "underneath the driver's foot pedal and

partially under the [floor] mat."  The photograph admitted into

evidence during trial revealed that the handle of the gun was

---

[2] As the majority recognizes, it is fundamental that such hypotheses must be reasonable and flow from the evidence itself. "The Commonwealth need . . . not [exclude] those [hypotheses] that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

indeed, in close proximity to the brake pedal, that the floor mat was askew, and that other debris was scattered on the floor of the passenger compartment.  The evidence also established that Branch was on probation at the time of the incident and that he was driving without a valid operator's license.  Finally, depending on the version of the events accepted by the trial court, the evidence proved that the car had either been stolen that evening and Crews had given Branch permission to search for it, or that Branch was driving Crews' car without her permission.

Applying the above-stated standard of review, I conclude that this evidence, while certainly suspicious to the extent of showing a probability of guilt, is insufficient as a matter of law to establish Branch's constructive possession of the gun.  First, the Commonwealth produced no direct evidence linking the gun to Branch.  In addition, and contrary to the view espoused by the majority, there was simply no evidence that the gun was in plain view while Branch was in control of the car.  Indeed, the evidence established that the contents of the driver's side floor area of the car were askew and in disarray when Trooper Stump approached the car, immediately after the collision.  Thus, any conclusion that the gun was in plain view, or even in close proximity to Branch, prior to the collision and while Branch was in control of the car, could not be reached without an exercise in conjecture and speculation.

Next, although it is reasonable to infer that Branch ran from police because he had knowledge of the gun in the car, the inference, standing alone, is insufficient to establish Branch's guilt beyond a reasonable doubt. Neither this inference, nor the evidence, excluded the remaining reasonable hypotheses of Branch's innocence. Indeed, Branch claimed he ran because he knew he was on probation and that he was driving without a license when Trooper Stump observed him speeding. Assuming the trial court rejected Branch's testimony to this effect, the trial court's factual determinations, as suggested by the majority, establish that Branch was committing a separate offense when Trooper Stump observed him speeding. Namely, unauthorized use of a vehicle, which can be either a misdemeanor or felony, depending on the value of the car at issue. Therefore, neither the trial court, nor this Court, could assume, based on the evidence produced by the Commonwealth that Branch ran from police because he had knowledge of the gun. To do so would again, amount to nothing more than rank speculation and conjecture.

Finally, and contrary to the holding of the majority, the evidence does not exclude the reasonable hypothesis, flowing from the undisputed evidence, that someone other than Branch may have placed the gun in the car. Assuming the trial court rejected the testimony of both Branch and Crews, it remains patently clear that at least two other people had access to the car that evening – Crews and Branch's passenger. No evidence, circumstantial or

otherwise, excluded the very reasonable possibility that one of those individuals placed the gun in the car, unbeknownst to Branch.

As the majority recognizes, the trial court was most certainly entitled to disbelieve Branch's assertions that he did not know the gun was in the car. Nevertheless, the trial court's rejection of this testimony, although another circumstance of guilt, does not provide a factual basis for establishing beyond a reasonable doubt that Branch had knowledge of the gun, nor that it was subject to his dominion and control. See Tarpley, 261 Va. at 256-57, 542 S.E.2d at 764.

In summary, the majority utilizes the standard of review to supply a sufficient factual basis to support Branch's conviction, where none exists in the record. The evidence here, considered as a whole, in my view is highly suspicious of Branch's guilt. However, it simply does not prove, beyond a reasonable doubt, that Branch constructively possessed the gun found on the floor of the car. See Littlejohn v. Commonwealth, 24 Va. App. 401, 415, 482 S.E.2d 853, 860 (1997) ("Suspicion, no matter how strong, is not enough. Convictions cannot rest upon speculation and conjecture." (citing Bishop v. Commonwealth, 227 Va. 164, 170, 313 S.E.2d 390, 393 (1984); Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951))). For these reasons, I would find the trial court's judgment was based upon evidence that was insufficient as

a matter of law and, therefore, plainly wrong, and I would reverse the conviction.

                                    Monday          10th

        June, 2002.


Phillip Branch,                                    Appellant,

  against      Record No. 1077-01-2
              Circuit Court No. 01-F-59

Commonwealth of Virginia,                          Appellee.


                Upon a Petition for Rehearing En Banc

                      Before the Full Court


        On May 21, 2002 came the appellee, by the Attorney

General of Virginia, and filed a petition praying that the Court

set aside the judgment rendered herein on May 7, 2002, and grant

a rehearing en banc thereof.

        On consideration whereof, the petition for rehearing

en banc is granted, the mandate entered herein on May 7, 2002 is

stayed pending the decision of the Court en banc, and the appeal

is reinstated on the docket of this Court.

        The parties shall file briefs in compliance with Rule

5A:35. The appellee shall attach as an addendum to the opening

brief upon rehearing en banc a copy of the opinion previously

rendered by the Court in this matter. It is further ordered that

the

                            - 13 -

appellee shall file with the clerk of this Court twelve

additional copies of the appendix previously filed in this case.

A Copy,

Teste:
                    Cynthia L. McCoy, Clerk
By:

Deputy Clerk

-

THE COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Humphreys
Argued at Richmond, Virginia


PHILLIP BRANCH

MEMORANDUM OPINION* BY
v.    Record No. 1077-01-2          JUDGE ROBERT J. HUMPHREYS
                                            MAY 7, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Robert W. Duling, Judge

Cynthia E. Payne, Assistant Public Defender
(Office of the Public Defender, on brief),
for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Randolph A. Beales,
Attorney General, on brief), for appellee.


Phillip Branch appeals his conviction, after a bench trial,

for possession of a firearm by a convicted felon, in violation

of Code § 18.2-308.2.  Branch contends that the trial court

erred in finding the evidence sufficient as a matter of law to

sustain the conviction.[3]

On September 27, 2000, at approximately 2:00 a.m., Trooper

Jeffrey Stump, of the Virginia State Police, was working

stationary radar on Interstate 95 in the City of Richmond.  He

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[3] Branch was also convicted of attempting to elude police in
violation of Code § 46.2-817(B).  That conviction is not at
issue on appeal.

-

observed Branch travelling 71 miles per hour in a posted 55 miles-per-hour zone.  Trooper Stump turned on his emergency lights and siren and followed Branch's car northbound on Interstate 95.  Branch slowed his car briefly, but after approximately 30 seconds he accelerated and reached a speed of more than 80 miles per hour.

Branch, followed by Stump, arrived at the James River Bridge, where "traffic was backed up" due to construction that limited travel to one southbound lane.  Branch drove the car through the construction area and hit construction barrels that struck and damaged Stump's police car.  Branch then proceeded north in the shutdown lanes of Interstate 95, passing traffic that had stopped or slowed for the construction zone.  Branch finally left the interstate and proceeded onto Seventh Street, where his car hit the railroad tracks at a high rate of speed. His car left the ground and hit a 12-foot stockade fence, which brought the car to a complete stop.  Branch then got out of the car and ran, leaving behind a person in the passenger side of the car.

Stump approached the stopped car and removed the passenger. Stump then went to the driver's side of the car and observed a .44 Magnum revolver under the driver's foot pedal and partially under the floor mat.  Branch was apprehended by another trooper a short time later.

-

At trial, Branch testified that he was driving the car, but claimed the car belonged to his girlfriend. Branch further testified that her car had been stolen around 10:30 p.m. that evening, approximately three and one-half hours before Stump attempted to pull Branch over. Branch stated that he and a friend had gone to look for the stolen car for his girlfriend, and had found it at approximately 1:00 a.m. that morning, on a dark road. Branch then drove the car onto Interstate 95. He conceded he did not have a driver's license and that he was on probation at the time. Further, he admitted he was speeding when he was initially observed by Stump. He claimed he was afraid of driving without his license and that he wanted to return the car to his girlfriend quickly.

Branch testified he did not pull over when Stump turned on his lights and siren because he knew he was not supposed to be driving. He admitted running from the troopers on foot when the car finally came to a stop. However, he claimed he did not know the gun was in the car. He stated that he never saw the gun, and testified that it would have been impossible for him to drive with the gun in the location where it was found by Stump.

Branch's girlfriend testified that her car had been stolen that evening and that Branch and a friend had gone to look for it. She denied owning a gun.

On appeal, Branch contends the evidence presented by the Commonwealth was insufficient to establish his constructive possession of the gun.  We agree.

> When reviewing the sufficiency of the evidence after a conviction, we consider that evidence in the light most favorable to the Commonwealth, and we affirm the conviction unless it is plainly wrong or without evidence to support it.  The circuit court sitting without a jury in this case acted as the fact finder; hence, the court's judgment is accorded the same weight as a jury verdict.  As the fact finder, the court "need not believe the accused's explanation and may infer that he is trying to conceal his guilt."[4]

Nevertheless, where the evidence is entirely circumstantial, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.[5]

To support a conviction for knowingly and intentionally possessing a firearm after having been convicted of a felony, there must be proof that the defendant possessed the firearm at issue.[6]  "'Possession may be actual or constructive.'"[7]  The

---

[4] Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906-07 (2001) (quoting Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981)).

[5] Sutphin v. Commonwealth, 1 Va. App. 241, 244, 337 S.E.2d 897, 898 (1985) (citations omitted).

[6] Blake v. Commonwealth, 15 Va. App. 706, 708-09, 427 S.E.2d 219, 220-21 (1993).

[7] Brown v. Commonwealth, 15 Va. App. 1, 7-8, 421 S.E.2d 877, 882 (1992) (quoting Castaneda v. Commonwealth, 7 Va. App. 574, 583-84, 376 S.E.2d 82, 86-87 (1989)).

principles that govern constructive possession of illegal drugs also apply to constructive possession of a firearm.[8]  Thus, to sustain a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that [Branch] was aware of both the presence and character of the [gun] and that it was subject to his dominion and control."[9]  "'However, the Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [firearm] where [it was] found near an accused.'"[10]

Further, mere proximity to the gun is not sufficient to establish dominion and control.[11]  Likewise,

> [o]wnership or occupancy of a car or of premises where [a firearm is] found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the car or on the premises in order to prove that the owner or occupant constructively possessed the [gun]; however, ownership or occupancy alone is insufficient to prove knowing possession of

---

[8] Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 747-48 (2001).

[9] Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

[10] Grier, 35 Va. App. at 571, 546 S.E.2d at 748 (quoting Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994)).

[11] Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

-

> [a gun] located on the premises or in a
> car."[12]

In order for ownership or occupancy of property or of a car to be sufficient to support the inference that the owner or occupant also possessed the gun at issue, the owner or occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the gun at the time of such ownership or occupancy.[13]

In the case at bar, the only evidence tending to establish Branch's constructive possession of the gun is the fact that it was found on the floor of the driver's side of the car he was driving. Indeed, the undisputed evidence established that Branch was not the owner of the car and that the car had been stolen by a person or persons unknown, only a few hours before the gun was discovered by Stump. Further, unlike many of the cases cited by the Commonwealth, Branch was not the sole occupant of the car when he was ultimately stopped by police, nor did the evidence tend to exclude the reasonable possibility that someone other than Branch placed the gun in the car without Branch's knowledge.[14] Furthermore, none of the cases relied upon

---

[12] <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992).

[13] <u>Id.</u> at 435, 425 S.E.2d at 83-84.

[14] See <u>Hamilton v. Commonwealth</u>, 16 Va. App. 751, 754-55, 433 S.E.2d 27, 28-29 (1993); <u>Langston v. Commonwealth</u>, 28

-

by the Commonwealth involved a collision similar to the incident at issue. Finally, as the photograph in evidence demonstrates, the gun was found under the pedals of the car and partially under a floor mat, which itself was askew from its normal position, – a combination of conditions which would clearly have made the car more difficult to operate.

Accordingly, Branch contends that the evidence is consistent with his claim that he had no knowledge of the gun, as it was concealed somewhere out of his view by someone else and was forced under the gas and brake pedals as a result of the accident. Branch further argues that he could not have driven the car with the gun under the pedals as it was found by police. We agree with Branch's contention that the circumstantial evidence in this case, while clearly suspicious, simply does not exclude every reasonable hypothesis of Branch's innocence,

___

Va. App. 276, 285-86, 504 S.E.2d 380, 384-85 (1998); Logan v. Commonwealth, 19 Va. App. 437, 444-45, 452 S.E.2d 364, 368-69 (1994); and Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998). See also Adkins v. Commonwealth, 217 Va. 437, 438-39, 229 S.E.2d 869, 870 (1976) (finding constructive possession of marijuana found in the floor of the driver's side of the car where defendant, who was sitting in the passenger side of the car when police approached, was the only occupant in the front seat and police had observed furtive movements by the occupant of the front seat upon approaching the car); and Grier, 35 Va. App. at 570-71, 546 S.E.2d at 748 (finding constructive possession of drugs and a firearm where the defendant, the sole passenger in the car, was observed exchanging capsules and unidentified small objects from the window of the car for cash just minutes prior to being stopped by police).

supported by evidence in the record.  Moreover, the Commonwealth's insistence that Branch's flight from police is evidence of his guilt lends little credence to its position. Branch contended that his reason for running was his guilty knowledge that he was driving without a driver's license, he was on probation, and he was speeding when he was observed by Trooper Stump.  Thus, while the evidence viewed in the light most favorable to the Commonwealth "creates a strong suspicion, indeed a probability," that Branch constructively possessed the gun, the evidence does not establish beyond a reasonable doubt that Branch was aware of the "presence, nature, and character" of the gun at the time of his occupancy of the car. [15] Furthermore, "we have said, suspicious circumstances and probability of guilt, no matter how strong, are insufficient to sustain a criminal conviction."[16]  Because the circumstances of this case do not exclude the reasonable hypothesis that someone else placed the gun in the car, unbeknownst to Branch, we hold that the trial court was plainly wrong in finding the evidence sufficient as a matter of law to support Branch's conviction on this charge.  Accordingly, the decision of the trial court must be reversed and the charge dismissed.

<u>Reversed and dismissed.</u>

---

[15] <u>Rogers v. Commonwealth</u>, 242 Va. 307, 320, 410 S.E.2d 621, 629 (1991).

[16] <u>Id.</u>

-