COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Humphreys and Haley
Argued at Salem, Virginia


JONATHAN LAMONT SALES

                                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0017-07-3                        JUDGE ROBERT J. HUMPHREYS
                                                                          MARCH 18, 2008

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                               Mosby G. Perrow, III, Judge

            P. Scott De Bruin (De Bruin & Layne, P.C., on brief), for appellant.

            Joshua M. Didlake, Assistant Attorney General (Robert F. McDonnell,
            Attorney General, on brief), for appellee.


        Jonathan Lamont Sales ("Sales"), appeals his conviction for possession of cocaine with

intent to distribute, in violation of Code § 18.2-248.  He argues that the evidence was insufficient

to prove his constructive possession of the drugs.  For the reasons that follow, we find no error,

and affirm his conviction.

                                                    ANALYSIS

        Sales argues on appeal, as he did at trial, that the evidence was insufficient to prove he

was in constructive possession of the cocaine found on the ground.  Specifically, Sales argues

that there was insufficient circumstantial evidence to support the conviction, because the

evidence proved only that Sales was in close proximity to the cocaine.  We disagree.

        When considering the sufficiency of the evidence presented at trial, we "presume[] [a

finding of guilt to be correct" and will not disturb it unless it is "'plainly wrong or without

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

evidence to support it.'" Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005) (quoting Code § 8.01-680).

"When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence[,]" and "[t]he evidence as a whole must exclude every reasonable theory of innocence." Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003). However, this requirement does not add to the burden of proof placed on the Commonwealth. Instead, it is "simply another way of stating that the Commonwealth has the burden of proof beyond a reasonable doubt." Id. Moreover, "[c]ircumstantial evidence is not viewed in isolation. 'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'" Id. at 514, 578 S.E.2d at 786 (quoting Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (internal quotation marks omitted)).

"'The possession necessary to support a conviction for the possession of [controlled substances] may be actual or constructive.'" Davis v. Commonwealth, 39 Va. App. 96, 100, 570 S.E.2d 875, 877 (2002) (quoting Grier v. Commonwealth, 35 Va. App. 560, 570, 546 S.E.2d 743, 747-48 (2001)). "Constructive possession may be established by evidence of acts, statements, or conduct of the accused, or other circumstances that show the defendant was aware of the presence and character of the weapon and that he exerted control and dominion over it." Id.

"For a conviction to rest properly on circumstantial evidence, an unbroken chain of circumstances proving the defendant's guilt must be established." Id. Furthermore, mere proximity to a controlled substance, while a proper factor for consideration, is insufficient to

establish possession of that controlled substance. Wright v. Commonwealth, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977).

Sales argues that the evidence merely established his proximity to the drugs, and relies on Gordon v. Commonwealth, 212 Va. 298, 183 S.E.2d 735 (1971), in support of his argument. In that case, police observed the defendant holding an envelope before a chase occurred. After briefly losing sight of the defendant, police caught him, but he no longer had the envelope. Police later recovered an envelope containing drug paraphernalia that was the "same color, size, and shape" as the envelope with which the defendant was earlier seen. Because no one observed the defendant dispose of the envelope during the chase, and because police recovered the envelope near a "fairly busy" street, the Supreme Court of Virginia held the evidence insufficient to prove possession, because a "fatal gap in circumstantial evidence" existed. Id. at 300-01, 183 S.E.2d at 736-37.

The holding in Gordon is not controlling, because it is easily distinguishable from this case. First, the area in which Williams saw Sales run was an alleyway no more than three feet wide, and there was no testimony that this was a high foot-traffic area or people were gathered in this alleyway. See Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991) (finding evidence sufficient to prove possession, partly on the grounds that the drugs were found in a "relatively private area").

Second, Williams observed Sales place his hands in his pockets, remove them, remove his sweatshirt, and then throw that on the ground. Williams then found the cocaine on the ground near Sales's sweatshirt, in the very same area that Williams had seen Sales reach his hands into his pockets. This evidence supports the inference that Sales reached into his pocket during the chase and threw the cocaine on the ground while running from Williams. See Powell v. Commonwealth, 27 Va. App. 173, 178-79, 497 S.E.2d 899, 901 (1998) (the fact that police

- 3 -

found drugs exactly where defendant would have dropped an object after police witnessed defendant make a dropping motion behind his back supported the inference that defendant possessed the drugs and dropped them when police arrived).

Finally, Sales was carrying a large amount of cash, in denominations consistent with drug distribution, and also admitted to ownership of the cocaine found on his person. These facts provide further evidence from which the fact finder could infer Sales's dominion and control over the drugs on the ground. See Wilson v. Commonwealth, 272 Va. 19, 27-28, 630 S.E.2d 326, 330-31 (2006) (holding evidence sufficient to prove dominion and control over drugs on kitchen table in part because of defendant's presence in the apartment and cash and gun found on his person).

Thus, Sales's conviction did not rest solely on his proximity to the drugs found on the ground. Rather, Sales's proximity to the drugs was but one factor for the fact finder to consider. Therefore, we hold that the evidence presented at Sales's trial was sufficient to prove his constructive possession of the drugs found on the ground. Accordingly, we affirm his conviction.

Affirmed.