COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, McClanahan and Senior Judge Bumgardner
Argued at Richmond, Virginia


BERNARD EDWARD McCRAY

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0430-07-2              JUDGE RUDOLPH BUMGARDNER, III
                                                         MAY 6, 2008
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                   Bradley B. Cavedo, Judge

            James L. McLemore, IV, for appellant.

            Susan M. Harris, Assistant Attorney General (Robert F. McDonnell,
            Attorney General; Donald E. Jeffrey, III, Assistant Attorney
            Gerneral, on brief), for appellee.


        Bernard Edward McCray appeals his conviction of possession of a firearm by a felon, in

violation of Code § 18.2-308.2.  He maintains the trial court erred in denying his motion to

suppress and the evidence was insufficient to prove he constructively possessed the firearm.

Finding no error, we affirm.

        We review the evidence '"in the light most favorable to the Commonwealth, granting to

it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App.

1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358

S.E.2d 415, 418 (1987)).  On April 6, 2006, the police received information that the defendant

was inside a residence that was part of the Richmond Redevelopment and Housing Authority

properties.  The Authority had banned the defendant from the property in 2005.

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officers went to the residence because they believed there were outstanding arrest warrants for the defendant. Detective David Davenport was standing at the back door, when a Ms. Jennings approached and told him that she lived there. She said that the defendant and her children were upstairs and let the officers inside her residence. Because the children were upstairs, Detective Davenport asked Ms. Jennings to see if the defendant would voluntarily come downstairs. He did, and the detective handcuffed him, but explained that he was not being arrested but only being detained. Another officer took the defendant outside while they verified whether warrants were on file.

Detective Davenport testified he removed the defendant from the residence because it was not his residence and the detective wanted to obtain consent to search from the leaseholder. Ms. Jennings consented to a search, and accompanied the detective to her bedroom. At first, the detective did not see anything unusual but found a firearm once he looked under the mattress on the side nearest the window.

The defendant told the detective that he did not live there but did stay there from time to time. He stated that he had been under the covers and on the side of the bed facing the window. The detective explained that he had found a handgun and asked, "[W]ho's is it?" The defendant responded, "Not hers." Davenport replied, "If it's not hers, then is it yours?" The defendant answered, "It's not hers, man," and said nothing further. No latent fingerprints were on the firearm. The detective saw no clothing or mail belonging to the defendant in the bedroom.

The defendant argued on brief that he was an overnight guest in Jennings' residence and enjoyed a reasonable expectation of privacy, which obligated the police to obtain his consent before searching the bedroom. However, during oral argument, he conceded that Glenn v. Commonwealth, 275 Va. 123, 654 S.E.2d 910 (2008), now controls and resolves the issue against him.

The defendant next argues the evidence was insufficient to prove he had dominion and control over the firearm found under the mattress.

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

"Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "However, '"[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the [firearm,] drugs or paraphernalia where they were found near an accused."'" Grier v. Commonwealth, 35 Va. App. 560, 571, 546 S.E.2d 743, 748 (2001) (quoting Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (other citation omitted)).

The firearm was found under the mattress in the master bedroom on the side where the defendant had lain. When asked who owned the firearm, the defendant said, "It's not hers." When Davenport asked the defendant if the firearm belonged to him, he responded, "It's not hers, man." He never expressed surprise or indicated any lack of knowledge about the existence of the gun or where it was found. Jennings was the only adult living in the house.

The defendant's temporal and physical proximity to the firearm, his statements, and the fact that Jennings was the only adult living at the residence provide sufficient circumstantial evidence to permit a finding that the defendant possessed the firearm. "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be

disturbed on appeal unless plainly wrong or without evidence to support it." <u>Beck v.</u>

<u>Commonwealth</u>, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986).

There was sufficient evidence supporting the trial court's verdict.  Accordingly, we

affirm.

<u>Affirmed.</u>